UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOSEPH DICKSON,

                       Plaintiff,

    v.

NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES,

                       Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 18-7212 (GRB)(AKT)

**GARY R. BROWN, United States District Judge:**

      In this action, plaintiff Joseph Dickson alleges that he suffered workplace retaliation after he was passed over for a promotion, demoted, and terminated based upon his prior disability-related complaints. Before the Court is a motion to dismiss two of the three causes of action by defendant New York State Office of Children and Family Services ("OCFS") under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). Docket Entry ("DE") 11. For the reasons stated herein, OCFS's motion to dismiss is DENIED.

**PROCEDURAL BACKGROUND**

      On December 18, 2018, plaintiff Joseph Dickson commenced this action against OCFS and certain former defendants by filing a complaint.[1] Compl., DE 1. The complaint alleges OCFS supervisors retaliated against plaintiff by denying him promotions, demoting him, and terminating him solely for complaining of disability-based discrimination. *Id.* at ¶¶ 1, 10-19; *see generally id.* The complaint sets forth three causes of actions against OCFS: (1) retaliation under

---

[1] In a joint status report, the parties agree that the former defendants—Farooq Mallick, Bobby Ray Smith, Patricia DeJesus, James Murdocco, Anita Sapio—have not been properly served, and as such, all claims against former defendants are dismissed for lack of service. DE 19.

Section 504 of the Rehabilitation Act, as amended 29 U.S.C. § 794 ("Rehabilitation Act"), (2) retaliation under New York State Human Rights Law, New York Executive Law § 296 *et seq*. ("NYSHRL"), and (3) aiding, abetting, inciting, compelling, or coercing retaliatory conduct under NYSHRL. *Id.* at ¶¶ 85-100. On April 5, 2019, OCFS moved to dismiss the first and second causes of action. DE 11.

## FACTUAL BACKGROUND

The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion and are construed in the light most favorable to plaintiff, the non-moving party.

OCFS is a governmental agency within the Department of Family Assistance, a municipal entity under the State of New York with its principal place of business in Rensselaer, New York. Compl. ¶ 6. OCFS "is responsible for administering and managing residential facilities across New York State for youth remanded to [OCFS's] custody by family and criminal courts" in New York State. *Id.* at ¶ 7. OCFS is a recipient of federal funds, and is thus subject to the Rehabilitation Act. *Id.* at ¶ 8.

Plaintiff began working for OCFS in 2012 as a Grade 14 Youth Division Aide ("YDA") at the Goshen Secure Center in Goshen, New York. Compl. ¶¶ 9-21. The Goshen Secure Center "houses male juvenile offenders who committed violent felonies and were convicted and sentenced in adult criminal court." *Id.* at ¶ 22. The complaint is not clear as to all of plaintiff's job responsibilities, but they apparently included monitoring, and when appropriate, restraining residents. *Id.* at ¶¶ 34, 57-58.

On December 16, 2013, plaintiff sustained a work-related head injury and was ultimately diagnosed with post-concussive syndrome. *Id.* at ¶ 26. From December 16, 2013 through about August 18, 2014, plaintiff took a medical leave of absence and received Workers' Compensation benefits. *Id.* at ¶ 27.

A few weeks after returning to work, plaintiff provided OCFS with a letter from his doctor requesting an accommodation for plaintiff's disability, which appears to have been post-concussive syndrome with episodic headaches. *Id.* at ¶¶ 28, 31. The doctor recommended a limited work schedule. *Id.* at ¶ 28. Plaintiff alleges OCFS failed to provide for his disability during this initial period. *Id.* at ¶ 29. On April 14, 2015, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and failure to accommodate. *Id.* at ¶ 30. Plaintiff named Bobby Ray Smith, Goshen Secure Center Director, as one of the people responsible for the violation. *Id.* at ¶¶ 12, 13, 30. As explained below, Smith is alleged to have been close friends with Farooq Mallick, and Mallick was alleged to have retaliated against plaintiff. *Id.* at ¶ 52.

On May 22, 2015, plaintiff provided OCFS with an updated letter from his doctor, who recommended that plaintiff's work schedule be limited to eight hours a day for a period of four months, subject to reevaluation at the end of that period, which accommodation was belatedly provided in October 2015. *Id.* at ¶ 31.

In November 2015, plaintiff sustained another on-the-job injury, though the nature of what caused this injury is unclear, and went out on another Workers' Compensation medical leave. *Id.* at ¶ 33. Around August 2016, plaintiff returned to work and was immediately sent to the Red Hook Residential Center in Red Hook, New York to be retrained and certified in restraint techniques. *Id.* at ¶ 34.

3

Upon completion of his training, Smith and James Murdocco, the Brentwood Residential Center Assistant Director, jointly asked plaintiff if he would agree to temporarily transfer to the Brentwood Residential Center in Dix Hills, New York. *Id.* at ¶ 35. Plaintiff agreed, transferring to Brentwood in August 2016 as a Grade 14 YDA 4. *Id.* The Brentwood Residential Center is a "non-secure facility that houses female adjudicated juvenile delinquients who were placed there by New York State Family Courts." *Id.* at ¶ 37.

In November 2016, Anita Sapio, the Brentwood Residential Center Facilities Manager, advised plaintiff that certain positions were available at Brentwood Residential Center and recommended that plaintiff apply for a promotion to a Grade 18 Youth Counselor 1. *Id.* at ¶ 39. Plaintiff submitted the application and was placed on the eligible list of candidates. *Id.* Sapio allegedly told plaintiff that this was only a formality and that Plaintiff would ultimately be promoted into the position. *Id.*

In January 2017, Hilton Cooper, the Brentwood Residential Center Director, interviewed plaintiff, and told plaintiff that he would be getting the position. *Id.* at ¶ 40. Plaintiff attended meetings with those involved in the new position for the next five months. *Id.* at ¶¶ 41- 42. During this time, Cooper allegedly reassured plaintiff that he would soon be promoted. *Id.* at ¶ 43. In March 2017, however, defendants hired an external candidate for the position instead. *Id.* at ¶ 44.

In May 2017, Cooper told plaintiff to continue to attend meetings and be patient, as his paperwork was still going through. *Id.* at ¶ 46. During this time, plaintiff alleges that Murdocco was speaking negatively about plaintiff to plaintiff's coworkers. *Id.* at ¶ 47. Defendants promoted an allegedly less qualified coworker of plaintiff. *Id.* at ¶ 49.

In July 2017, Cooper communicated to plaintiff that he would not be promoted because Mallick, an Associate Commissioner, had called Cooper to intervene and effectively stop plaintiff's promotion "due to the discrimination claim that [Plaintiff DICKSON] filed with the EEOC while he was working at the Goshen Secure Center." *Id.* at ¶ 51. Plaintiff also alleges that Mallick is a "close, personal friend of" Smith, and "the same person about whom Plaintiff DICKSON complained to the EEOC." *Id.* at ¶ 52. In the same month, Cooper also told plaintiff that he would have to accept a demotion to a Grade 12 YDA 3 to stay at Brentwood Residential Center. *Id.* at ¶ 54. He was later told that if he did not accept this demotion, he would be left with no choice but to terminate his employment. *Id.* at ¶ 55. Plaintiff agreed to this demotion to keep his employment. *Id.*

In August 2017, plaintiff received a written warning regarding an incident involving the restraint of a resident. *Id.* at ¶ 57. In September 2017, plaintiff was once again injured, though it is not clear what caused the injury, took a medical leave of absence, and received Worker's Compensation benefits. *Id.* at ¶ 60.

In April 2018, while plaintiff was on leave, Patricia DeJesus replaced Cooper as the Director of Brentwood Residential Facility. *Id.* at ¶ 62. Sapio attempted to terminate plaintiff's employment by "claiming he had been out [from work] for over twelve (12) months" during his medical leave of absence, when he had only been out for eleven months. *Id.* at ¶ 63. In August 2018, Sapio "claimed that because plaintiff was out of work for more than six (6) months, he would need a state doctor's clearance to return . . . ." *Id.* at ¶ 64. Plaintiff alleges that OCFS did not require a state doctor's clearance from a co-worker who was similarly out from work for six months. *Id.* at ¶ 65. In October 2018, Sapio and Murdocco terminated plaintiff's employment

based upon reasons that plaintiff "did not have a permanent item number, had time and attendance issues, and received a written warning from the Justice Center." *Id.* at ¶ 69.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Denicolo v. Bd. of Educ. of City of New York*, 328 F. Supp. 3d 204, 208 (S.D.N.Y. 2018); *Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 535 (S.D.N.Y. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 556-57); *see also Denicolo*, 328 F. Supp. 3d at 209. In applying this standard, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party, *see Denicolo*, 328 F. Supp. 3d at 208; *Quadir*, 39 F. Supp. 3d at 535. Furthermore, the court should not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Quadir*, 39 F. Supp. 3d at 536. Ultimately, the plaintiff's allegations of fact "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

## DISCUSSION

*1. Administrative Exhaustion and the "Reasonably Related" Doctrine*

OCFS argues that the complaint must be dismissed because the allegations are not reasonably related to plaintiff's 2015 EEOC complaint; implicit in this argument seems to be the notion that plaintiff failed to exhaust administrative remedies. Def.'s Br. 6-8, DE 11-1.[2] Plaintiff responds that the Rehabilitation Act does not require administrative exhaustion in this case. Pl.'s Br. 3-4, DE 11-3. In an unusual change of position, or perhaps in an effort to clarify, OCFS replies that "it is clear that Plaintiff is confusing failure to exhaust administrative remedies (which Defendant has not argued), with alleging a viable and plausible claim of retaliation, which requires factual allegations that the alleged retaliation is 'reasonably related' to Plaintiff's protected activity –here, his filing a 2015 EEOC complaint for work accommodations." Def.'s Reply Br. 1, DE 11-4.

As an initial matter, the parties agree that plaintiff was not required to exhaust administrative remedies in this case. Pl.'s Br. 3-4; Def.'s Reply Br. 1; *see also Cohn v. Keyspan Corp.*, 713 F. Supp. 2d 143, 158 (E.D.N.Y. 2010) (holding that administrative exhaustion is not a requirement under the Rehabilitation Act against an employer who is a recipient of federal funding); *see also Seitz*, 2019 WL 4805257, at *13 n.24 (citing *Cohn*, 713 F. Supp. 2d at 158). Accordingly, the reasonably related doctrine is inapplicable in this case where plaintiff was not required to administratively exhaust under the Rehabilitation Act. *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (holding that the reasonably related doctrine operates as "an exception to the exhaustion requirement"); *see also Seitz*, 2019 WL 4805257, at *13. None of the cases cited

---

[2] This argument was made in the context of a Rule 12(b)(1) motion. However, the argument should be resolve under Rule 12(b)(6) instead. *See, e.g., Harris v. City of N.Y.*, 186 F.3d 243, 248 (2d Cir. 1999); *Seitz v. New York State*, No. 18-CV-4149 (PKC)(LB), 2019 WL 4805257, at *13-14 (E.D.N.Y. Sept. 30, 2019).

by OCFS hold otherwise. *See, e.g.*, *Duplan v. City of New York*, 888 F.3d 612, 621-22 (2d Cir. 2018) (discussing reasonably related doctrine within the context of Title VII administrative exhaustion); *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) (discussing Title VII administrative exhaustion); *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge."). Therefore, neither administrative exhaustion nor the reasonably related doctrine warrants dismissal of the Rehabilitation Act claim.

2. *Statute of Limitations*

OCFS argues that plaintiff's retaliation claim under the Rehabilitation Act is time-barred. Def.'s Br. 7.

The Second Circuit has held, "Rehabilitation Act claims in New York are governed by New York's three year statute of limitations governing personal injury actions.'" *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014); *see also Seitz*, 2019 WL 4805257, at *13; *Marsh-Godreau v. SUNY College at Potsdam*, No. 15-CV-437 (LEK/CFH), 2016 WL 1049004, at *5 (N.D.N.Y. Mar. 11, 2016). The Second Circuit has also held that "[a]lthough those statutory bases [for claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42 U.S.C. 1983 Fourteenth Amendment] for that injury have different statutes of limitations, each would accrue at the same time: when [plaintiff] knew or had reason to know of the injury serving as the basis for his claim . . . ." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also Stropkay*, 593 F. App'x at 41 ("A claim accrues

"when [plaintiff] knew or has reason to know of the injury serving as the basis for his claim."); *Marsh-Godreau*, 2016 WL 1049004, at *5 (same).

Here, plaintiff may only assert claims under the Rehabilitation Act as to defendants' actions after December 18, 2015. Plaintiff knew or had reason to know of the retaliation when he was passed over for a promotion, demoted, and terminated. Because all of these actions occurred after December 18, 2015, the retaliation claim under the Rehabilitation Act is timely.

3. *Retaliation under the Rehabilitation Act and NYSHRL*

The Court analyzes retaliation under the Rehabilitation Act and NYSHRL together as the claims are analytically identical. *Warmin v. New York City Dep't of Educ.*, No. 16 CIV. 8044 (KPF), 2019 WL 3409900, at *7 (S.D.N.Y. July 29, 2019). "To state a claim for retaliation under the ADA, the Rehabilitation Act, or the NYSHRL, Plaintiff's pleading must plausibly suggest that: "[i][ ]he engaged in protected activity, [ii] the employer was aware of this activity, [iii] [ ]he was subjected to an adverse employment action, and [iv] a causal connection existed between the alleged adverse employment action and [his] protected activity." *Id.* (citing *McGuire-Welch v. House of the Good Shepherd*, 720 F. App'x 58, 62 (2d Cir. 2018); *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002)). Plaintiff need not allege a disability to sustain a retaliation claim. *Kelly v. New York Office of Mental Health*, 200 F. Supp. 3d 378, 403 (E.D.N.Y. 2016); *see also Seitz*, 2019 WL 4805257, at *14.

The first three elements are not in dispute. Def.'s Reply Br. 3. First, plaintiff's EEOC complaint as to disability discrimination is protected activity. *See* Def.'s Reply Br. 3; *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002). Second, OCFS concedes that "since Plaintiff alleges that the alleged retaliator was an employee of Defendant OCFS," that the

9

employer was aware of the protected activity. Def.'s Reply Br. 3; *see also Stern v. State Univ. of New York*, No. 16-CV-5588(NGG)(LB), 2018 WL 4863588, at *18 (E.D.N.Y. Sept. 30, 2018) ("general corporate knowledge" may suffice to show knowledge where retaliation is claimed against a corporate defendant). Third, OCFS concedes that being passed over for promotion and being terminated are adverse retaliatory actions. Def.'s Reply Br. 3; *Quadir*, 39 F. Supp. 3d at 542-43 ("In the retaliation context, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'").

OCFS disputes the fourth element, the causal connection between the protected activity and the adverse action, because of a lack of indirect evidence as demonstrated by the lack of temporal proximity between the EEOC complaint in 2015 and being passed over for promotion in 2017 and the termination in 2018. Def.'s Br. 10; Def's Reply Br. 4.

"A causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019).[3] As the Second Circuit has recognized,

---

[3] The Second Circuit has yet to definitively resolve the causation standard for retaliation claims under the Rehabilitation Act. *See Kelly v. New York State Office of Mental Health*, 200 F. Supp. 3d 378, 403 n.12 (E.D.N.Y. 2016). The majority of district court cases in this Circuit hold that retaliation was a "but-for" cause of the retaliatory adverse employment action, not just a "substantial" or "motivating factor." *See id.* (citing *Gallagher v. Town of Fairfield*, No. 10-CV-1270, 2015 WL 3453342, at *8 n.10 (D. Conn. May 29, 2015); *see also Natofsky v. City of New York*, No. 14-CV-5498 (NRB), 2017 WL 3670037, at *14 (S.D.N.Y. Aug. 8, 2017) (citing *Palmquist v. Shinseki*, 689 F.3d 66, 74 (1st Cir. 2012)), *aff'd on other grounds*, 921 F.3d 337 (2d Cir. 2019). "'But-for' causation does not, however, require proof that retaliation was the only

> employment discrimination is often accomplished by discreet manipulations and hidden under a veil of self-declared innocence. An employer who discriminates is unlikely to leave a "smoking gun," such as a notation in an employee's personnel file, attesting to a discriminatory intent. A victim of discrimination is therefore seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence.

*Bonilla v. Boces*, No. 06-CV-6542, 2010 WL 3488712, at *4 (W.D.N.Y. Sept. 2, 2010) (quoting *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir.1991) (internal quotations omitted)); *see also Edrehi v. Brookhaven Sci. Assocs.*, LLC, No. CV 15-5940(SJF)(AYS), 2017 WL 4466501, at *16 (E.D.N.Y. Aug. 30, 2017), *report and recommendation adopted*, 2017 WL 4381659 (E.D.N.Y. Sept. 27, 2017); *Manon v. 878 Educ., LLC*, No. 13-CV-3476 RJS, 2015 WL 997725, at *3 (S.D.N.Y. Mar. 4, 2015) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1239 (2d Cir.1995); *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir.1992)).

Here, despite the lack of indirect evidence, there is "smoking gun" evidence of retaliation as evidenced by Cooper's remark to plaintiff. Sapio, Brentwood Residential Center Facilities Manager, and Cooper, the Brentwood Residential Center Director, initially told plaintiff that he will receive a promotion, and the application process was a "formality." Compl. ¶¶ 40-49. Nevertheless, Cooper communicated to plaintiff that he would not be promoted because Mallick, an Associate Commissioner, had called him to intervene and stop plaintiff's promotion "due to the discrimination claim that [Plaintiff DICKSON] filed with the EEOC while he was working at the Goshen Secure Center." *Id.* at ¶ 51. Plaintiff also alleges that Mallick is a "close, personal friend of [] SMITH, the same person about whom Plaintiff DICKSON complained to the EEOC." *Id.* at ¶ 52.

---

cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive.'" *Hoover v. Wilkie*, No. 11-CV-734F, 2020 WL 108423, at *10 (W.D.N.Y. Jan. 9, 2020). The Court needs not decide the causation standard at this juncture because the causal element is met even if the Court applied the more rigorous but-for standard.

11

Two months later, in July 2017, Cooper communicated to plaintiff that he would receive a demotion to Grade 12 YDA 3, and plaintiff would have to be terminated if he did not accept. *Id.* at ¶¶ 54-55. One more month later, in August 2017, plaintiff received a written reprimand regarding an incident of a restraint of a resident. *Id.* at ¶ 57. One month later, in September 2017, plaintiff went on medical leave. *Id.* at ¶ 60. In the following months, Sapio attempted to terminate the plaintiff due to medical leave of absence. *Id.* at ¶¶ 63-65. Finally, in October 2018, Sapio and Murdocco terminated plaintiff's employment. *Id.* at ¶ 69. Therefore, assuming the facts alleged are true, which the Court must, plaintiff has set forth direct evidence showing that the causal element is met under both Rehabilitation Act and NYSHRL.[4]

## CONCLUSION

Based on the foregoing, OCFS's motion to dismiss is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
April 13, 2020

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

---

[4] Because the federal Rehabilitation Act claim is not dismissed, OCFS's request to decline supplemental jurisdiction over the NYSHRL claim is denied as moot. Def.'s Br. 11.

12