**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOSEPH DICKSON,

                    Plaintiff,                  **ORDER**
                                                                           18-cv-07212 (JMW)
       -against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES,

                  Defendant.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Gennady Litvin, Esq.
**Law Office of Yuriy Moshes, P.C.**
517 Brighton Beach Avenue, 2nd Floor
Brooklyn, NY 11235
*Attorney for Plaintiff*

Jessenia Maldonado, Esq.
**Law Office of Yuriy Moshes, PC.**
322 West 48th Street, 6th Floor
New York, NY 10036
*Attorney for Plaintiff*

Junou Odige, Esq.
**Robert T. Reilly, Esq.**
52 Broadway, 9th Floor
New York, NY 10004
*Attorney for Plaintiff*

Toni E. Logue, Esq.
Richard H. Yorke, Esq.
**NYS Attorney General's Office**
200 Old Country Road, Suite 460
Mineola, NY 11501
*Attorneys for Defendant*

1

**WICKS,** Magistrate Judge:

Plaintiff Joseph Dickson commenced this action against Defendant New York State Office of Children and Family Services ("OCFS") pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act") and the New York State Human Rights Law, New York State Executive Law § 296 *et seq*. Jury selection for trial has been rescheduled for January 29, 2023. Presently before the Court is Defendant's motion *in limine* (ECF No. 71) which seeks to preclude the introduction of various testimony and exhibits, namely, (1) the testimony and Affidavit of Linda Driscoll; and (2) Plaintiff's proposed Exhibits number 3 and 4 (an internal complaint and subsequent investigation conducted by Defendant after receiving Plaintiff's New York State Division of Human Rights complaint), Exhibit 14 (Hilton Cooper's Affidavit), Exhibit 15 (Sayed Madar's Statement), Exhibit 20 (EEO complaints against Associate Commissioner Farooq Mallick), and Exhibit 21 (EEO complaints against Assistant Director of the Brentwood Facility James Murdocco).

For the reasons that follow, the Court grants in part and denies in part Defendant's motion filed at ECF No. 71.[1]

## BACKGROUND

Plaintiff worked as a Youth Division Aide for Defendant in the Goshen Secure Center. (ECF No. 1 ¶ 21.) Around December 16, 2013, Plaintiff sustained a work-related injury to his head and was diagnosed with a "post-concussive syndrome." (*Id*. ¶ 26.) He requested accommodations for his disability and provided Defendant with a supporting letter from his physician. (*Id*. ¶ 28.) However, since Defendant took no action, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2015. (*Id*. ¶

---

[1] Plaintiff also submitted its own motion *in limine* (ECF No. 74), but that motion has since been withdrawn. (*See* Electronic Order dated Nov. 9, 2023.)

25.)  Defendant subsequently began to accommodate Plaintiff's doctor's orders in October 2015 but shortly after, Plaintiff sustained another work-related injury and was forced to go out on leave.  (*Id*. ¶¶ 32-33.)

Plaintiff returned to work in 2016 and, after a few months, applied for a promotion at the Brentwood Residential Center.  (*Id*. ¶ 39.)   He was told by several personnel that he would get the position.  (*Id*. ¶¶ 39-40, 42-43.)  However, according to Plaintiff, James Murdocco, Brentwood Residential Center Assistant Director, began rumors about Plaintiff and was allegedly responsible for halting Plaintiff's promotion.  (*Id*. ¶ 44.)  Instead, less qualified candidates were being hired for that same position.  (*Id*. ¶ 49.)  Plaintiff claims he was not promoted because his prior complaint contained allegations of a close friend of the employees responsible for the hiring/promotion decisions.  (*Id*. ¶¶ 44, 52.)

Plaintiff initially brought this action alleging injuries suffered as a result of being retaliated against, demoted, denied a promotion, and eventually terminated by his employer. (*See generally* ECF No. 1.)  However, on August 5, 2022, the Court partially granted Defendant's motion for summary judgment dismissing Plaintiff's termination and demotion claims.  (ECF No. 57.)  The remaining claim left to be tried before a jury is Plaintiff's claim that Defendant retaliated against him by not promoting him.  (*Id*.)  On December 23, 2022, the parties filed their Joint Pre-trial Order ("JPTO").  (ECF No. 63.)  Parties then consented to the undersigned for all further proceedings, including trial.  (ECF No. 68.)  Defendant and Plaintiff thereafter filed the instant motion *in limine*. (ECF No. 71.)

The parties filed a status report on November 8, 2023 essentially stating (1) Plaintiff adopted the proposed witness list and trial exhibit list in the Joint Pre-trial Order (ECF No. 63) and (2) Defendant was withdrawing its claims set forth in Plaintiff's separately filed motion *in*

*limine* (ECF No. 74). (*See* ECF No. 85). What remains is Defendant's motion *in limine* to preclude admission of certain testimony and exhibits.

## DISCUSSION

### I. The Legal Framework for Motions *in Limine*

Before a trial, parties may seek *in limine* relief to exclude anticipated evidence that may be inadmissible or irrelevant. *See Jaquez v. Flores* (*In re Estate of Jaquez*), No. 10-cv-2881 (KBF), 2016 U.S. Dist. LEXIS 34521, at *4 (S.D.N.Y. Mar. 17, 2016). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

"Evidence should not be excluded on a motion *in limine* unless such evidence is clearly inadmissible on all potential grounds."[2] *Colon v. City of New York*, No. 16-CV-4540 (VSB), 2023 U.S. Dist. LEXIS 179763, at *4 (S.D.N.Y. Oct. 5, 2023). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Walker v. Schult,* 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (2023); *Rivera v. Inc. Vill. of Farmingdale,* 29 F. Supp. 3d 121, 125 (E.D.N.Y. 2013) ("A motion *in*

---

[2] Even though an *in limine* ruling is made pre-trial, the ruling may nevertheless be reviewed at trial, and "'the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.'" *Great Earth Intern. Franchising Corp. v. Milks Dev.,* 311 F. Supp.2d 419, 424 (S.D.N.Y. 2004) (quoting *Luce,* 469 U.S. at 41-42).

4

*limine* lies in this Court's 'inherent authority to manage the course of its trials.'") (quoting *Highland Capital Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)).

It is under this framework that the Court analyzes the Defendant's motion *in limine*.

## II.    Defendant's Motion *in Limine*

Defendant's motion *in limine* seeks to preclude the following testimony and evidence based on relevance grounds under Fed. R. Evid. 401-403[3]: (1) Testimony and the associated affidavit of Linda Driscoll (Exhibit 13); and (2) Plaintiff's Exhibits, including an internal investigation report after receipt of Plaintiff's 2015 NYSDHR complaint (Exhibits 3 and 4); Hilton Cooper's Affidavit (Exhibit 14); Sayed Madar's Statement (Exhibit 15); and prior complaints against Mallick and Murdocco (Exhibits 20 and 21).  (*See generally* ECF No. 71.) Plaintiff opposes Defendant's motion, arguing that all of the proposed evidence is relevant, has probative value, and is otherwise admissible.  (ECF No. 75.)  Each argument is considered below in turn.

### A. Linda Driscoll

#### a.  Live Testimony

Defendant moves to preclude Plaintiff from eliciting testimony from Linda Driscoll on the grounds that the testimony is "irrelevant, constitute[s] impermissible hearsay, [and has] no probative value."  (ECF No. 71 at 2); Fed. R. Evid. 401, 402, and 403.  Plaintiff opposes, stating that James Murdocco's (Assistant Director of the Brentwood facility from June to September 2017) statements to Driscoll demonstrate that it was more probable than not that Defendant acted in a discriminatory manner in denying his promotion.  (ECF No. 75.)  Further, Plaintiff states the

---

[3] Defendant also summarily cites to Fed. R. Evid. 404 as a basis for preclusion, however, makes no argument in support, nor does the Court find that rule applicable.  (*See* ECF No. 71.)

5

evidence will not be confusing to the jury because of the obvious bias exhibited against Plaintiff. (*Id.*)

The Federal Rules of Evidence provide a test for evidence that is relevant. That is, evidence is relevant if: (a) "it has any tendency to make a fact more or less probable than it would be without the evidence;" and (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401. In other words, this fact must have some effect on "the outcome of the suit under the governing law." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007). Relatedly, evidence is "not relevant if it does not tend to prove or to disprove a matter at issue in the case." Matthew Bender & Company, Inc., 1 Federal Courtroom Evidence § 401 (2023); *see also Henry v. Wyeth Pharms., Inc.,* 616 F.3d 134, 150 (2d Cir. 2010) (finding that supervisor's alleged remark "so sue me" was only marginally relevant because the supervisor was not involved in any alleged discriminatory decisions for Plaintiff or comparators, and the comments were made years before the incident and unrelated to decision-making process). "So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *689 Eatery Corp. v. City of New York*, Nos. 02-cv-4431 (LJL), 02-cv-4432 (LJL), 02-cv-8333 (LJL), 18-cv-3732 (LJL), 2023 U.S. Dist. LEXIS 189875, at *10 (S.D.N.Y. Oct. 23, 2023) (citing *United States v. Jones*, No. 16-cr-0553 (AJN), 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018)).

Generally, relevant evidence is admissible. Fed. R. Evid. 402. However, there are certain situations and circumstances in which a court may exclude relevant evidence pursuant to Rule 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

6

Fed. R. Evid. 403. "A District Court has 'broad discretion' to admit or exclude evidence under Rule 403." *United States v. Yousef*, 327 F.3d 56, 121 (2d Cir. 2003). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] … that it will divert the jury from the facts which should control their verdict.'" *Bensen v. American Ultramar,* No. 92-cv-4420 (KMW) (NRB), 1996 U.S. Dist. LEXIS 10647, at *19 (S.D.N.Y. July 26, 1996) (citing *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)).

Driscoll was a psychologist at the Brentwood facility working for Defendant until mid-July 2018 and worked in the same unit as Plaintiff from June to September 2017. (ECF No. 71-1 at 2.) Because the affidavit acts as a proffer of Driscoll's anticipated testimony, the Court finds that it is sufficient to establish relevance under Fed. R. Evid. 401. Despite her lack of involvement with Plaintiff's interviewing or promotion process for the position in question, Driscoll *did* work in the same unit as Plaintiff and even possesses information relevant to the sole issue of whether Defendant retaliated against Plaintiff in failing to promote him. (ECF No. 71-1.) Essentially, the testimony and affidavit states that Defendant constantly "warn[ed]" her to stay away from Plaintiff. (ECF No. 75 at 2.) Further, Defendant has not stated how the testimony or affidavit would be prejudicial against Defendant or confusing to the jury. For these reasons, the Court denies Defendant's request to exclude Driscoll's live testimony.[4]

### b. Affidavit (Exhibit 13)

Plaintiff next seeks to admit and use an affidavit by Linda Driscoll. However, courts in this Circuit have found that affidavits cannot be used in place of the testimony of the available

---

[4] Defendant makes a single vague reference that Driscoll's testimony would "constitute impermissible hearsay." (ECF No. 71.) Like the Fed. R. Evid. 404 citation, Defendant offers no support or citation for its hearsay contention and therefore the Court denies to consider preclusion on this ground. Any hearsay objections will be considered as they arise throughout the course of trial.

7

affiant. *See Okeke v. N.Y. & Presbyterian Hosp.*, No. 16-cv-570 (CM), 2017 U.S. Dist. LEXIS 87449, at *8 (S.D.N.Y. June 6, 2017) (noting that when a party offers affidavits "in lieu of live testimony or deposition testimony of witnesses" outside the subpoena power of the Court, the Court will exclude such documents since "affidavits cannot be cross-examined."); *see also Rivera v. Baccarat, Inc.*, No. 95-cv-9478 (MBM) (JCF), 1997 U.S. Dist. LEXIS 19911, at *10 (S.D.N.Y. Dec. 12, 1997) (admitting depositions where the witness is unavailable but affidavits would not be admitted as direct evidence and only for impeachment purposes). For these reasons, since Driscoll will be testifying at trial, Defendant's request to preclude Driscoll's Affidavit (Exhibit 13) is granted and it shall be stricken from Plaintiff's final exhibit list.

### B. Exhibits

Defendant also moves to preclude several of Plaintiff's exhibits (Exhibits 3, 4, 14, 15, 20, and 21) on grounds of relevance, prejudice, and hearsay. The Court examines each argument below.

#### a. Internal Investigation Reports (Exhibits 3 and 4)

Defendant moves to preclude Plaintiff from introducing Plaintiff's exhibits 3 and 4 pursuant to Federal Rules of Evidence 401, 402, and 403. (ECF No. 71 at 2.) These internal documents consist of: (1) the July 23, 2015 Notice of Receipt of Complaint from the Office of Equal Opportunity and Diversity Development ("EODD") related to the retaliatory treatment Plaintiff received after he submitted his 2015 Division of Human Rights complaint and (2) the September 17, 2015 Notice of Submission of Draft Investigation Report stating that an investigation should be opened concerning Plaintiff's retaliation complaint. (ECF No. 71-2.) These documents, Defendant contends, have nothing whatsoever to do with Defendant's alleged failure to promote at the Brentwood Facility and occurred years prior to the promotion decision

at issue.  (*Id*.); (ECF No. 81.)   Plaintiff opposes stating that the investigation refers to the allegations that Plaintiff was retaliated against by Defendant and is therefore relevant and probative to the issue at hand.  (ECF No. 75.)

Plaintiff's original complaint alleges that Defendant did not grant him a work accommodation at the Goshen Facility.  (ECF No. 1 ¶ 30.)  He then made an internal complaint to his employer stating that he was experiencing retaliatory behavior as a result of the original complaint.  Here, the subsequent complaint, though occurring years prior to the promotion at issue, would be probative of Plaintiff's instant retaliation claim.  It is indicative that Plaintiff took additional steps to voice his concerns about his retaliatory treatment after lodging the failure to accommodate complaint and that Defendant also took steps to investigate the matter.  Thus, this evidence can potentially provide the jury with additional context regarding Defendant's rationale for failing to promote Plaintiff.

However, on its face, "evidence of administrative decisions containing 'factual conclusions'…can pose a significant risk of unfair prejudice to the party against whom it is offered."  *Kyle v. City of New York*, No. 03-CV-3540 (SLT) (KAM), 2006 U.S. Dist. LEXIS 61396, at *3 (E.D.N.Y. Aug. 7, 2006) (citing *Abramowitz v. Inta-Boro Acres, Inc.*, No. 98–CV–4139 (ILG), 1999 WL 1288942, at *8 (E.D.N.Y. Nov. 16, 1999)).  Thus, for the sake of completeness and fairness to both sides, the entire complaint to the EODD as well as the complete resulting investigative report should be introduced to the jury.[5]  *See* Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at

---

[5] Defendant raised a similar argument in the Joint Pre-trial Order, not in its motion *in limine*.  (*See* ECF No. 63 at 9-10.)

the same time."). Introduction of the entire report would alleviate Defendant's concerns that the notice of the complaint and report alone can be potentially prejudicial.

Accordingly, introducing the internal retaliation entire complaint, including the notice, as well as the entire investigative report and the notice at trial could provide further context to a fact finder as to why Defendant made its decision not to promote Plaintiff. For these reasons, Defendant's motion is denied.

### b. Hilton Cooper Affidavit (Exhibit 14)

Defendant next seeks to preclude admission of Hilton Cooper's[6] affidavit, pursuant to Federal Rules of Evidence 401, 402, and 403.[7] Here, according to Plaintiff's witness exhibit list, Cooper will be testifying in person. (ECF No. 63 at 5.)

Although the affidavit would indeed be relevant, as with Driscoll, because Cooper is on the witness list and expected to testify at trial, Cooper's affidavit is excluded and Defendant's motion is granted as to that branch. *See Okeke*, 2017 U.S. Dist. LEXIS 87449 at *8 (noting that affidavits will not be admitted in lieu of live testimony). Cooper can indeed be questioned about the contents of the affidavit at trial.

### c. Sayad Madar's Statement (Exhibit 15)

Defendant next seeks to preclude Sayad Madar's (Plaintiff's only comparator) statement[8]

---

[6] Hilton Cooper was a Residential Director of the Brentwood Residential Center. (ECF No. 71-3.)

[7] The affidavit essentially states that Cooper believed Dickson was "best qualified" for the promotion and he discussed his intention to promote Plaintiff with other employees, including Murdocco and Mallick. (ECF No. 71-3.) However, he states he later learned that Plaintiff would not be promoted allegedly because of a past EEO complaint filed against Defendant. (*Id*.)

[8] The undersigned notes that this document is simply a signed letter with Madar's contact information. It is not a sworn affidavit but rather is a self-prepared statement. (*See* ECF No. 71-4.)

pursuant to Federal Rules of Evidence 401, 402, and 403. (ECF No. 71 at 3.) Madar's statement describes his discussion with Cooper about Plaintiff not being promoted which was because of issues that occurred while Plaintiff worked at the Goshen facility. (ECF No. 71-4.) The Court finds that the Madar statement should be excluded for three reasons:

(1) Pursuant to Fed. R. Evid. 403, the statement would be redundant of Cooper's anticipated testimony concerning this same conversation. *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (stating that cumulative testimony is testimony that "replicates other admitted evidence").

(2) The statement constitutes impermissible hearsay—a statement that Madar heard from Cooper who heard from Mallick about what was said regarding the Plaintiff's promotion—for which no exception applies. For instance, Plaintiff contends that at least one portion of the statement constitutes a statement against interest by Defendant (Fed. R. Evid. 804(b)(3)). (ECF No. 75.) However, for this exception to apply, the declarant, here Mallick, must be unavailable. Since Mallick will be testifying, Plaintiff's argument fails. (*See* ECF No. 63 at 5) (listing Mallick as a live witness for both parties).

(3) Finally, since Madar will not be testifying, the affidavit cannot be admitted in lieu of live testimony—here, Cooper's testimony. *See Okeke*, 2017 U.S. Dist. LEXIS 87449 at *8; *see also Bleeker v. Dukakis,* No. 78-3172-MA, 1981 U.S. Dist. LEXIS 12008, at *3 (D. Mass May 4, 1981) ("We are mindful that trial by affidavit is not encouraged.") (citing *Redman v. Warrener*, 516 F.2d 766, 768 (1st Cir. 1975)); *Dolence v. Flynn*, 628 F.2d 1280, 1281 (10th Cir. 1980) ("Trial cannot be solely on affidavits.") (citing *Collins v. Hladky*, 603 F.2d 824, 825 (10th Cir. 1979)).

For these reasons, Defendant's motion to exclude Madar's statement is granted.

### d. Prior Complaints Against Mallick and Murdocco (Exhibits 20 and 21)

Finally, Defendant seeks to preclude prior written complaints against Farooq Mallick and James Murdocco[9] because they are irrelevant and would offer no probative value to the remaining claim as there is no indication of any final adverse determination against either Mallick or Murdocco. (ECF No. 107 at 3.) Plaintiff concedes that only certain complaints, like

---

[9] Mallick was the Associate Commissioner for Program Services. (ECF No. 63 at 3.)

those alleging retaliation by Defendant, are relevant and probative and may be admissible. (ECF No. 75 at 3-4) ("Although the Plaintiff admits that some of these 160 pages…are irrelevant or lack probative value….")

Plaintiff's Exhibits 20 and 21 consist of 160 pages of documents and includes complaints of race, sex, and age discrimination in addition to claims of retaliation. Although Defendant carries of the burden of proving admissibility (or lack thereof) for a motion *in limine*, *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019), Plaintiff has admitted that a large portion of the documents are irrelevant and has not identified which of the complaints are indeed relevant. See *Spring/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 388 (2008) ("The question of whether evidence of discrimination by other supervisors is relevant…is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."). For these reasons, Defendant's motion to preclude the prior complaints is granted without prejudice. Plaintiff is given one week from the date of this Order to identify specific, relevant, and admissible documents within Exhibits 20 and 21 that he intends to use at trial so the Court can make its final determination.

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* (ECF No. 71) to exclude certain evidence at trial, namely, Plaintiff's Exhibits 3, 4, 13, 14, 15, 20, and 21, is granted in part and denied in part as follows:

- Request to exclude Linda Driscoll's testimony is DENIED and Plaintiff's Exhibit 13 (Driscoll's affidavit) is GRANTED;

- Request to exclude Plaintiff's Exhibits 3 and 4 (Internal Investigation Report) is DENIED;

- Plaintiff's Exhibit 14 (Cooper's affidavit) is GRANTED;

- Plaintiff's Exhibit 15 (Madar's statement) is GRANTED; and

- Plaintiff's Exhibits 20 and 21 (prior complaints about Mallick and Murdocco) are GRANTED without prejudice.

Dated: Central Islip, New York
December 19, 2023

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge