**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOSEPH DICKSON,

                Plaintiff,

       -against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES,

                Defendant.
-------------------------------------------------------------X

                                                      **ORDER ON**
                                                  **MOTION IN LIMINE**
                                                  18-cv-07212 (JMW)

**A P P E A R A N C E S:**

Gennady Litvin, Esq.
**Law Office of Yuriy Moshes, P.C.**
517 Brighton Beach Avenue, 2nd Floor
Brooklyn, NY 11235
*Attorney for Plaintiff*

Jessenia Maldonado, Esq.
**Law Office of Yuriy Moshes, PC.**
322 West 48th Street, 6th Floor
New York, NY 10036
*Attorney for Plaintiff*

Junou Odige, Esq.
**Robert T. Reilly, Esq.**
52 Broadway, 9th Floor
New York, NY 10004
*Attorney for Plaintiff*

Toni E. Logue, Esq.
Richard H. Yorke, Esq.
**NYS Attorney General's Office**
200 Old Country Road, Suite 460
Mineola, NY 11501
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff Joseph Dickson commenced this action against Defendant New York State Office of Children and Family Services ("OCFS") pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act") and the New York State Human Rights Law, New York State Executive Law § 296 *et seq*. Jury selection for trial has been rescheduled for January 29, 2023. This Court granted in part and denied in part Defendant's motion in *in limine* (ECF No. 89). It also stated that, with respect to past complaints against Mallick and Murdocco, Plaintiff shall identify specific, relevant, and admissible documents in Plaintiff's Exhibits 20 and 21 that he intends to use at trial so the Court can make its final determination. (*Id.*) Presently before the Court is Plaintiff's letter identifying those exhibits for trial. (ECF No. 91.) Defendant opposes (ECF No. 92).

For the reasons that follow, the Court grants Defendant's motion in limine to exclude Exhibits 20 (EEO complaints against Associate Commissioner Farooq Mallick) and Exhibit 21 (EEO complaints against Assistant Director of the Brentwood Facility James Murdocco). (ECF No. 71.)

## DISCUSSION

### I. Legal Standard

Before a trial, parties may seek *in limine* relief to exclude anticipated evidence that may be inadmissible or irrelevant. *See Jaquez v. Flores* (*In re Estate of Jaquez*), No. 10-cv-2881 (KBF), 2016 U.S. Dist. LEXIS 34521, at *4 (S.D.N.Y. Mar. 17, 2016). "Evidence should not be excluded on a motion *in limine* unless such evidence is clearly inadmissible on all potential

2

grounds." [1] *Colon v. City of New York*, No. 16-CV-4540 (VSB), 2023 U.S. Dist. LEXIS 179763, at *4 (S.D.N.Y. Oct. 5, 2023). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Walker v. Schult,* 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019).

The question here is whether prior lawsuits or complaints against defendants may be introduced at trial. The party proffering such evidence must demonstrate its relevance and probative value, specifically looking to the "nature and substance of such actions, including whether the action is sufficiently related to the instant case." *Skinner v. City of New York*, No. 15-CV-6126 (KAM) (JO), 2017 U.S. Dist. LEXIS 104650, at *12 (E.D.N.Y. Apr. 7, 2017). Thus, only those lawsuits that are "factually similar and are introduced for a purpose other than to demonstrate the defendants' propensity for specific behavior, may be properly introduced." *Id.; see also Spring/United Mgmt. v. Mendelsohn,* 552 U.S. 379, 388 (2008) (looking to "how closely related the evidence is to the plaintiff's circumstances and theory of the case" to determine if evidence was relevant).

It is under this framework that the Court analyzes the proposed exhibits.

## II.     Plaintiff's Exhibits 20 and 21

Defendant originally sought to preclude prior written complaints against Farooq Mallick and James Murdocco[2] because they were irrelevant and would offer no probative value to the remaining claim. (ECF No. 107 at 3.) Plaintiff conceded that only certain complaints, like those alleging retaliation by Defendant, are relevant and probative and may be admissible. (ECF

---

[1] Even though an *in limine* ruling is made pre-trial, the ruling may nevertheless be reviewed at trial, and "'the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.'" *Great Earth Intern. Franchising Corp. v. Milks Dev.,* 311 F. Supp.2d 419, 424 (S.D.N.Y. 2004) (quoting *Luce,* 469 U.S. at 41-42).

[2] Murdocco was the Assistant Director of the Brentwood Residential Center and Mallick was the Associate Commissioner for Program Services. (ECF No. 89.)

No. 75 at 3-4) ("Although the Plaintiff admits that some of these 160 pages…are irrelevant or lack probative value….")

Plaintiff's Exhibits 20 and 21 consisted of 160 pages of documents and included complaints of race, sex, and age discrimination in addition to claims of retaliation. Because Plaintiff admitted that a large portion of the documents are irrelevant and did not identify which of the complaints were indeed relevant, the Court afforded Plaintiff an opportunity to identify specific, relevant, and admissible documents within Exhibits 20 and 21 that he intends to use at trial so the Court could make its final determination. (ECF No. 89).

In Plaintiff's current letter before the Court (ECF No. 91), Plaintiff states that he has reduced the number of relevant pages to 46 (out of the original 160) and argues that the following complaints should be admitted: Diana Barrington; Devin Cusher; Zorro Hartford; Richard Tyler; and Jean Petion.[3] Defendant responds, arguing that Barrington and Tyler's complaints are internal OCFS complaints that were ultimately deemed unfounded; Hartford's charge was dismissed; and Cusher's and Petion's complaints bear no relevance or prejudicial value to the case at bar. (ECF No. 92.) It claims that the complaints are inadmissible hearsay[4], irrelevant and offered to demonstrate Defendant's propensity for the behavior outlined in the complaint.[5] (*Id.*) The Court looks at each of these complaints separately.

---

[3] Note that Plaintiff also inadvertently includes Tony Kinch's complaint in ECF No. 91-3 but does not make any mention of his complaint in his letter request. For this reason, Kinch's complaint is not considered here.

[4] Defendant states the complaints are inadmissible hearsay pursuant to Fed. R. Evid. 801, 802, and 803 and no exception applies. (ECF No. 92.)

[5] Defendant does not explicitly list Fed. R. Evid. 404 as a ground for inadmissibility, i.e. that Plaintiff offers this evidence for propensity purposes. (*See* ECF No. 89 at 5; ECF No. 92); *see also* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.") However, Plaintiff makes reference to offering such evidence for "propensity" purposes. (*See* ECF No. 91 at 2.)

4

### A. Diana Barrington

In a complaint filed with the Equal Opportunity and Diversity Development ("EODD"), Diana Barrington, an African American woman, alleged that she was discriminated by Mallick on the basis of her race, color, gender identity, and disability. (ECF No. 91-1.) Specifically, and of relevance here, Barrington alleged that she was injured in July 2016 and was told that her shift would be changed and that a White employee would take her place, as this is what Mallick wanted. (*Id.*) She stated that she had only been out on workmen's compensation for 30 days before she lost her shift. (*Id.*) In September 2016, she was out again on workmen's compensation and returned in November 2016. (*Id.*) She interviewed for a certain position but ultimately realized her transfers for those positions were thwarted by Mallick because of her race and as a form of "retaliation for going out on workmens compensation." (*Id.*) Mallick stated she needed to work on her interpersonal skills and her going out on workmen's compensation was an issue, despite her impeccable record. (*Id.*) In early 2017, she went on annual leave and was later disciplined for Finch's lack of completing paperwork while covering for Barrington. (*Id.*) Following this, she was written up for several incomplete tasks, including: failure to complete release requests and court summaries/updates in a timely manner; missing information for the system; missing/unsigned counseling notes; missing support team notes; unsigned supervisory forms; and other related missing forms. (*Id.*) She stated that this repercussion was because she "push[ed] back" when being reprimanded for Finch's failure to complete the documents in early 2017. (*Id.*) When she requested a transfer to a different facility, it was denied. (*Id.*)

Defendant argues that the EODD investigated Barrington's complaint, finding it unsubstantiated, which would prejudice Defendant if admitted. (ECF No. 92.) It further argues that the claim itself differs from Plaintiff's here—Barrington alleged race or sex discrimination

5

related to receiving workers' compensation. (*Id.*) Plaintiff here on the other hand alleges retaliation based on disability, making this complaint irrelevant. (*Id.*)

This complaint should be excluded for several reasons: *First*, though slightly factually similar, because the complaint was found to be unsubstantiated, the jury could be unfairly tainted—and the Defendant prejudiced—after having heard evidence regarding this complaint. *See* Fed. Evid. 403; *see also Skinner*, 2017 U.S. Dist. LEXIS 104650 at *10-11 (collecting cases holding that "unsubstantiated complaints, standing alone, are not sufficiently probative to outweigh potential prejudice"). *Second*, Plaintiff states that the Barrington complaint is "admissible to demonstrate the…*propensity* of Mallick to interfere with transfer and promotion decisions in retaliation for legally protected activity." (ECF No. 91 at 2) (emphasis added). Propensity is the very reason why the Federal Rules of Evidence exclude evidence of prior acts. *See Skinner*, 2017 U.S. Dist. LEXIS 104650 at *12; Fed. R. Evid. 404. Notably, Plaintiff fails to offer any other reason for admitting such evidence such as for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

For these reasons, the Court finds, pursuant to Fed. R. Evid. 403, that the probative value of Barrington's complaint is substantially outweighed by the unfair prejudice to Defendant and is therefore excluded.

### B. Devin Cusher

In a federal complaint, Cusher alleged claims under Title VII and contends he was retaliated against based on his sex. (ECF No. 91-2.) Specifically, he alleged that he took six (6) weeks off for paternity leave but Mallick "expressed his displeasure." (*Id.*) When Cusher returned from paternity leave, he was issued a Counseling Memorandum by Mallick

reprimanding him for what he calls trivial errors in his logs. (*Id.*) Cusher said that was done in retaliation for his taking paternity leave. Cusher was denied his request to work an accommodated schedule for childcare purposes despite mothers being accommodated in similar circumstances. (*Id.*) Cusher alleged he was removed from his position and directed to work a midnight shift instead which was extremely difficult when raising a child as a single parent. (*Id.*) Cusher reported his complaints, but they were never referred to the Equal Opportunity and Diversity Development office as required. (*Id.*)

He was interrogated for bringing an iPad into the facility but never told that this act violated any rules. (*Id.*) However, soon thereafter, new rules came into place prohibiting iPads in the facility. (*Id.*) At the interrogation, he was "served with disciplinary charges seeking a four-month suspension" upon a hearing. (*Id.*) On other occasions, his schedule was changed and he was also served with a Notice of Interrogation for minor mistakes made on timesheets. (*Id.*) He was demoted thereafter. (*Id.*) Cusher had heard from another co-worker that he was being targeted and separately that he had to accept a demotion or be fired by Mallick. (*Id.*) Cusher also had monies withheld from his paycheck and Mallick claimed to not know the reason. (*Id.*) Mallick had also searched Cusher's desk and his cabinets. (*Id.*)

Cusher ultimately claims that he was fired after filing an EEOC charge of discrimination. (*Id.*) He stated that prior to his termination, his duties were undermined, his unit was inspected daily at the direction of Mallick; and his office was downsized. (*Id.*)

Regarding relevance, Plaintiff states that this complaint shows a pattern and practice of retaliatory behavior and the willingness to use trivial errors to justify retaliatory decisions. (ECF No. 91 at 2.) However, Defendant points out that Cusher never alleged that Mallick himself

7

"took any adverse employment actions against him [upon his filing of the EEOC charge], let alone denied him a promotion as alleged by Plaintiff." (ECF No. 92.)

Cusher did not allege retaliation based on a disability nor did he allege a failure to promote, as Plaintiff did here. Further, as with Barrington's complaint, introducing this evidence could lead to a prejudicial effect upon Defendant if Cusher's complaint was not substantiated— there is no evidence that the complaint was indeed substantiated. *Cf. Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011) (allowing inquiry into defendants' prior lawsuits since defendants did not provide information about the suits and their respective outcomes for the court to decide admissibility).

For these reasons, the Court finds, pursuant to Fed. R. Evid. 403, that the probative value of Cusher's complaint is substantially outweighed by the unfair prejudice to Defendant and is therefore excluded.

## C. Zorro Hartford

Hartford alleges discrimination based on his race, sex, and age. (ECF No. 91-3.) He stated that he was successfully sat for a civil service exam for a certain position but was later told that he did not get the position, but that a white, younger female had gotten it instead. (*Id.*) He claimed that Mallick told him he would get the position. (*Id.*)

Plaintiff mistakenly and carelessly points to Tony Kinch's, another employee's complaint as support for admission of Hartford's complaint.[6] (*See* ECF No. 91) (stating that Hartford was terminated for pretextual reasons, namely because he "opposed disparate and unlawful treatment of Black/African Americans and other protected class in the work place"). However, this

---

[6] Defendant also points this out and states that Kinch's case was dismissed as unsubstantiated and is nevertheless irrelevant because it involved racial discrimination. Thus, the complaint has no probative value and would only prejudice the Defendant. (ECF No. 92.)

8

statement is explicitly stated in *Kinch's* New York State Division of Human Rights Complaint Form. (*See* ECF No. 91-3 at 7.) Further, there is no evidence of the outcome of Hartford's complaint, which can lead to potential prejudice upon Defendant. For these reasons, Hartford's complaint is precluded since it is unclear whether Hartford was retaliated against by Mallick and whether there were substantiated reasons for his failure to get the position.

### D. Richard Tyler

Tyler, a white male, filed an internal complaint alleging he was discriminated based on his race by Mallick. (ECF No. 91-4.) He averred that he was out on worker's compensation from the end of 2014 to March 2016. (*Id.*) As a result, he was put on light duty. (*Id.*) He stated that he was concerned about racism in his facility—this complaint was shared with the EODD. (*Id.*) He voiced his concerns to the EODD and told his investigators that Mallick said he would "never make it as a white staff [member] because [the] population was black and Hispanic." (*Id.*) Upon investigation, it appeared that his complaints were better aligned with disability discrimination since he stated that during his light duty shift, Mallick introduced Tyler as a "364 day comp person" because he had been out of work so often. (*Id.*) Tyler stated that he was out due to his knee surgery. (*Id.*) He claimed he was also "stymied" from becoming a trainer at a facility by Mallick. (*Id.*)

Plaintiff again seemingly offers this evidence for propensity purposes, pointing to it as demonstrating "a pattern or practice by Mr. Mallick to retaliate against persons who needed worker's compensation leave and who reported discrimination, including the blocking of transfers/promotions of employees who were not his direct reports." (ECF No. 91 at 3.) Here, Plaintiff has not suffered from an inability to receive workers' compensation nor is there any concrete evidence that Mallick tampered with his opportunities to obtain another position at the

9

facility. Because this complaint is not relevant under Fed. R. Evid. 401, and does not bear any probative value, it is excluded.

### E. Jean Petion

In a federal complaint, Petion alleged claims of discrimination and retaliation based on his disability. (ECF No. 91-5.) Petion suffered from diabetes. (*Id.*) He was later told that he would not have been hired had his supervisors known about his disability. (*Id.*) He was attacked by a resident and he responded in kind but did not report the situation to the required persons. (*Id.*) He was terminated nearly two weeks later. (*Id.*) He filed a complaint with the EEOC, who determined that he did not use excessive force and that his termination was pretextual based on his disability. (*Id.*)

Defendant alleges that Mallick was not involved in Plaintiff's failure to promote decision or any other retaliation upon filing his complaint. (ECF No. 92.) This is true. Though relevant because Petion alleged discrimination and retaliation based on his disability, nowhere in Petion's documentation does he allege that Mallick was involved in the failure to promote. (ECF No. 91-5.) Rather, it seems as though Facility Director, Bobby Ray Smith, compromised his position at the facility. (*Id.*) Admitting this complaint would confuse the jury since Smith, not Mallick, appears to have sabotaged Petion's employment. (*Id.*)

For these reasons, the Court finds, pursuant to Fed. R. Evid. 403, that the probative value of Petion's complaint is substantially outweighed by the potential for confusion to the jury, and thus unfair prejudice to Defendant. Therefore, the Petion Complaint is excluded.

10

## **CONCLUSION**

For the foregoing reasons, the branch of Defendant's motion *in limine* to exclude past complaints against Mallick and Murdocco (Plaintiff's Exhibits 20 and 21) is granted.

Dated: Central Islip, New York
January 11, 2024

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

11